# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARK APPELGREN,
*Plaintiff*

V.   **SUMMONS IN A CIVIL CASE**

CITY OF FORT LEE NEW JERSEY, ET AL.,
*Defendant*

CASE NUMBER: 2:24−CV−08013−MCA−MAH

TO: *(Name and address of Defendant):*

City of Fort Lee, New Jersey
Fort Lee Borough Hall
309 Main St.
Fort Lee, NJ 07024

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Mark Appelgren
3718 Columbia Pike, Apt. 2
Arlington, VA 22204

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CLERK OF COURT**
_____



ISSUED ON 2024−07−25 09:53:12, Clerk
USDC NJD

# RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me(1) | DATE 8/13/24 |
| NAME OF SERVER (PRINT) GIOVANNI KANE | TITLE Server Processor |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____ ; or

☐ Left the summons at the individual's residence or usual place of abode with (name): _____ a person of suitable age and discretion who resides there, on (date): _____ and mailed a copy to the individual's last known address; or

☐ Name of person with whom the summons and complaint were left: _____ ; or

☐ Returned unexecuted: _____ ; or

☒ Other (specify): Left with Municipal Clerk Nadine (Lnu) 309 Main Street, Fort Lee, NJ

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  8/13/24
             Date

Giovanni Kane
Signature of Server

424 11th St Union City NJ 07087
Address of Server

July 23, 2024

IN THE UNITED STATES DISTRICT )
COURT FOR THE DISTRICT OF NEW )
JERSEY MARTIN LUTHER KING )
BUILDING AND U.S. COURTHOUSE )
)
**Mark Appelgren, Pro Se** )
3718 Columbia Pike, Apt. 2 )
Arlington, VA 22204 ) Case No.:
          Complainant/Plaintiff )
)
vs. )
)
**City of Fort Lee, New Jersey** )
Fort Lee Borough Hall )
309 Main St. )
Fort Lee, New Jersey 07024 )
)
and )
)
**Fort Lee Police Department, New Jersey,** ) Date Formal Filed:   07/23/2024
1327 16th St. )
Fort Lee, New Jersey, 07024 )
)
and )
)
**Fort Lee Police Department, New Jersey,** )
**Fort Lee Officers JOHN DOES 1-10,** )
1327 16th St. )
Fort Lee, New Jersey 07024 )
          Defendants )

COMPLAINT FOR VIOLATION OF FOURTH AMENDMENT RIGHT (42 U.S.C. §1983), GROSS NEGLIGENCE, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## I. INTRODUCTION

1.  This is a civil rights action brought seeking damages against the Fort Lee Police Department under 42 U.S.C. §1983 to redress the deprivation of Plaintiff's rights under the United States Constitution, specifically the Fourth Amendment Equal Protection Clause. The Fourth Amendment rights under the United States Constitution, prohibit unreasonable search and seizures. This case seeks redress for the Violation of Civil Rights, Gross negligence and failure to provide appropriate law-enforcement response by the City of Fort Lee, the Fort Lee Police Department, and certain Fort Lee Police Officers.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1331, as it involves a federal question regarding the deprivation of Plaintiff's rights under the U.S. Constitution, specifically the fourth amendment right of the constitution. Additionally, discourse has supplemented our section over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in this district.

III. PARTIES

4. Plaintiff, Mark Appelgren, is an individual residing at 3718 Columbia Pike apartment two Arlington, VA 22204.

5. Defendant, City of Fort Lee., NJ, a municipal entity located at 09 Main St. Fort Lee NJ 07024.

6. Defendant, Fort Lee Police Department, is a municipal police department located in Fort Lee, New Jersey.

7. Defendants, Fort Lee Police Officers JOHN DOES (1-10), names unknown at this time or individuals employed by the Fort Lee Police Department and we're acting under the colors of state law at times relevant to this complaint.

IV. FACTUAL BACKGROUND

8. On or about September 20, 2023, Plaintiff was staying at Skyview Motel located in Fort Lee, New Jersey.

9. On that date, officers from the Fort Lee Police Department entered Plaintiff's hotel room without authorization, permission, a search warrant, or exigent circumstances.

10. Plaintiff, aware of the officers' presence, voluntarily opened the door and identified themselves clearly to the officers.

11. Despite Plaintiff's cooperation and affirmation of their well-being, the officers proceeded to enter Plaintiff's hotel room without a warrant, consent, or any exigent circumstances justifying their entry.

12. Inside the hotel room, the officers engaged in an extended discussion with Plaintiff, questioning their safety and mental state despite clear indications from Plaintiff that they were not in distress and posed no threat to themselves or others.

13. Throughout the encounter, Plaintiff repeatedly requested that the officers leave their hotel room, but the officers refused to comply, prolonging their presence against Plaintiff's wishes.

14. The unwarranted intrusion and prolonged presence of the officers caused Plaintiff significant emotional distress, anxiety, and humiliation.

15. The officers' entry into Plaintiff's room was unreasonable and violated Plaintiff's Fourth Amendment rights, which protect against unreasonable searches and seizures.

V. CLAIMS FOR RELIEF

Count I: Violation of Civil Rights (42 U.S.C. § 1983)

16. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

17. Defendants, acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States.

18. Defendants' actions and inactions constitute a violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

19. Defendants failures to take plaintiff report seriously improperly investigate. The incident was motivated by discriminatory bias against all males, but specifically homosexual males.

Count II: Failure to Train and Supervise (42 U.S.C. § 1983)

20. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

21. The City of Fort Lee and the Fort Lee Police Department failed to properly train and supervise their officers regarding the handling of wellness checks and the fourth amendment rights regarding search and seizure.

22. This failure to train and supervise amounts to deliberate indifference to the rights of the Plaintiff.

23. As a direct result of this failure, Plaintiff suffered harm and was denied equal protection under the law.

Count III: Gross Negligence

24. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

25. Defendants owed a duty of care to Plaintiff to properly adhere to the Fourth Amendment to the United States Constitution.

26. As a direct and proximate result of Defendants' gross negligence, Plaintiff has suffered and continues to suffer emotional distress, anxiety, and fear for personal safety.

Count IV: Intentional Infliction of Emotional Distress

27. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

28. Defendant's actions were intentional, reckless, and outrageous.

29. Defendant's conduct caused Plaintiff severe emotional distress, anxiety, and humiliation.

## VI. DAMAGES

30. Plaintiff incorporates by reference all the allegations contained in the preceding paragraphs.

31. Plaintiff relives the incident repeatedly, experiencing ongoing emotional distress and trauma.

32. Plaintiff has incurred medical expenses for psychological treatment and counseling to address the trauma caused by the Fort Lee Police Department and its officers.

33. Plaintiff seeks compensatory damages for pain and suffering, emotional distress, medical expenses, and other related costs in an amount to be determined at trial.

34. Plaintiff is entitled to damages as a result of Defendant's violations, including but not limited to:

A. Compensatory Damages:

- Emotional distress
- Mental anguish
- Loss of enjoyment of life
- Therapy and counseling costs
- Medical expenses

B. Punitive Damages:

- To punish the Fort Lee Police Department for their conduct and deter future violations.

C. Special Damages:

- Loss of future earning capacity
- Travel expenses

D. Nominal Damages:

- For the recognition of the violation of Plaintiff's rights.

E. Declaratory and Injunctive Relief:

- Declaration that Plaintiff's Fourth Amendment rights were violated.
- Order requiring the Fort Lee Police Department to revise their policies and training.

F. Legal Fees and Costs:

- Attorney's fees
- Court costs associated with this action
- Any other costs associated with this action.

G. Other Damages:

- Reputational damage
- Incidental and consequential damages

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Declare that the actions of the Fort Lee Police Department officers violated Plaintiff's Fourth Amendment rights;

B. Award Plaintiff compensatory damages for emotional distress, mental anguish, loss of enjoyment of life, therapy and counseling costs, and medical expenses;

C. Award Plaintiff punitive damages to deter future violations of constitutional rights;

D. Award Plaintiff special damages for loss of future earning capacity, and travel expenses;

E. Award Plaintiff nominal damages;

F. Grant declaratory and injunctive relief, including a declaration that Plaintiff's Fourth Amendment rights were violated and an order requiring the Fort Lee Police Department to revise their policies and training;

G. Award Plaintiff legal fees and court costs pursuant to 42 U.S.C. § 1988;

H. Award Plaintiff damages for reputational harm and any incidental and consequential damages;

I. Grant such other and further relief as the Court deems just and proper.

VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

July 23, 2024

_____

Mark Appelgren

Plaintiff, Pro Se