# PFUND MCDONNELL, P.C.
## ATTORNEYS AT LAW

DAVID T. PFUND #

MARY C. MCDONNELL #

GERALD A. SHEPARD

―――――――――――――

ROBERT C. PRINGLE

MOLLY C. MCGEE

DAVID J. GUZIK

# ALSO MEMBER OF NEW YORK BAR

139 PROSPECT STREET
SECOND FLOOR
RIDGEWOOD, NEW JERSEY
07450

Tel: (201)857-5040
Fax: (201) 857-5041
www.pfundmcdonnell.com

MORRIS COUNTY OFFICE

2001 US Hwy 46

Suite 104

Parsippany, NJ 07054

NEW YORK OFFICE

170 Old Country Road

Suite 608

Mineola, NY 11501

September 5, 2024

*<u>Via Electronic Filing</u>*
The Honorable Madeline Cox Arleo, U.S.D.J.
MLK Jr. Federal Bldg. & U.S Courthouse
50 Walnut Street
Courtroom MLK 4A
Newark, NJ 07101

   Re: **Appelgren v. City of Fort Lee, et al.**
      **Docket No. 2:24-cv-08013-MCA-MAH**
      **Our File No. 129-5614**

Dear Judge Arleo:

  This office represents the Defendants, the City of Fort Lee and the Fort Lee Police Department, in the above-referenced matter. Please accept the following letter brief in lieu of a more formal submission in opposition to Plaintiff's Motion to Stay the Proceedings ("Plaintiff's Motion"), filed on September 3, 2024 (ECF Doc 9).

   I. <u>Defendants' Right to Timely Respond</u>

  Plaintiff served the original Complaint on Defendants, but subsequently filed an Amended Complaint on August 27, 2024, before Defendants' deadline to respond to the original Complaint had expired. Pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, Defendants now have 14 days from the service of the Amended Complaint to file their responsive pleading, i.e., a Rule 12(b)(6) Motion to Dismiss. As of the date of this letter, Defendants have not been served with the Amended

Case 2:24-cv-08013-MCA-MAH   Document 14   Filed 09/05/24   Page 2 of 4 PageID: 83

Appelgren v. City of Fort Lee, et al.
P a g e | 2

Complaint. Defendants will respond to the Amended Complaint when it is properly served upon them, as required by the Federal Rules. Staying the case would unjustly delay Defendants' right to timely file their response and needlessly postpone the proceedings.

## II. Lack of Justification for a Stay

For a court to stay proceedings, a movant must "make out a clear case of hardship or inequity." *Actelion Pharmaceuticals Ltd. v. Apotex Inc.,* 2013 U.S. Dist. LEXIS 135524, 2013 WL 5524078, at *3 (D. N.J. Sept. 6, 2013) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 255, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). The assessment of such standard "'calls for the exercise of judgment [by the court], which must weigh competing interests' and 'balance' the hardships with respect to the movant and non-movant." *Id.* (quoting *Landis,* 299 U.S. at 254-55). Plaintiff's Motion to Stay fails to meet this standard as it does not demonstrate a clear case of hardship or inequity that would result if the stay were denied.

When evaluating a motion to stay proceedings, courts generally weigh a number of factors including, "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set." *Id.* (internal citations and quotation marks omitted). Here, a stay would unduly prejudice Defendants by delaying their right to respond to the Amended Complaint and potentially complicating the progression of the case. Plaintiff has not articulated any specific hardship that justifies such a delay, nor is there any indication that a stay would simplify the issues for trial.

Furthermore, Plaintiff's Motion is premised on providing Defendants with additional time to review the Amended Complaint and potentially facilitate settlement discussions. However, Defendants do not require additional time beyond the already provided 14-day period under Rule 15(a)(3), which is designed to ensure an efficient and orderly response process. Furthermore, there is no indication that a stay would materially advance settlement negotiations or judicial economy. The rules already provide sufficient time for Defendants to assess and respond to the Amended Complaint without any unnecessary delay.

Allowing the case to proceed without a stay aligns with the interests of judicial efficiency and expedient resolution. Defendants are prepared to respond to the

Case 2:24-cv-08013-MCA-MAH   Document 14   Filed 09/05/24   Page 3 of 4 PageID: 84

Appelgren v. City of Fort Lee, et al.
P a g e | 3

Amended Complaint within the prescribed timeframe once it is properly served, and a stay would only serve to delay this process. Plaintiff's preference for settlement does not warrant halting the case, particularly when no settlement framework has been agreed upon or formally proposed.

### III.    Lack of Proper Service of Plaintiff's Motion to Stay

Plaintiff's Motion to Stay was not properly served on Defendants in accordance with Rule 5 of the Federal Rules of Civil Procedure. As Defendants' counsel has not entered an appearance in this case, Plaintiff was required to serve the Motion directly upon Defendants by personal delivery, first-class mail, or other authorized means as specified under Rule 5(b). The certificate of service for Plaintiff's Motion incorrectly states that a copy of the Motion was provided to Defendants' counsel of record via certified mail. This is impossible because no counsel has entered an appearance on behalf of Defendants in this matter. Consequently, if Defendants' counsel had not proactively checked the electronic docket, Defendants would not have been aware of the Motion to Stay, further highlighting the deficiency in service and the procedural unfairness it creates. Plaintiff's failure to properly serve the Motion further undermines its validity and warrants its denial.

### IV.    Conclusion

For these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Stay the Proceedings. Defendants are ready and able to respond to the Amended Complaint by filing a Rule 12(b)(6) Motion to Dismiss, within the timeframe specified by the Federal Rules of Civil Procedure once proper service is effected. A stay is unnecessary and would only delay the fair progression of this matter. Importantly, settlement negotiations can occur concurrently with the ongoing proceedings without necessitating a stay, allowing the parties to explore resolution while adhering to procedural timelines.

Thank you for Your Honor's consideration of this opposition.

Respectfully submitted,

MARY C. MCDONNELL, ESQ.

MCM/dg

Appelgren v. City of Fort Lee, et al.
P a g e  | **4**

cc:

**<u>Via Electronic Filing</u>**
Mark Appelgren
3718 Columbia Pike, Apt. 2
Arlington, VA 22204