# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**MARK APPELGREN,**
*Plaintiff*

V.

**SUMMONS ON AMENDED
COMPLAINT**

**CITY OF FORT LEE, ET AL.,**
*Defendant*

CASE
NUMBER: **2:24–CV–08013–MCA–MAH**

TO: *(Name and address of Defendant):*

*FORT LEE NEW JERSEY POLICE DEPARTMENT
1327 16th ST
FORT LEE NEW JERSEY 07024*

A lawsuit has been filed against you.

Unless otherwise prescribed by rule, within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached amended complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

*MARK Appelgren
3410 Columbia pike, Apt. 2
Arlington, VA 22204*

If you fail to respond, judgment by default will be entered against you for the relief demanded in the amended complaint. You also must file your answer or motion with the court.

**CLERK OF COURT** _____



**ISSUED ON 2024–09–05 14:29:27,** Clerk
**USDC NJD**

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me(1) | DATE  9-12-24 |
| NAME OF SERVER *(PRINT)*  GIOVANNI LAWE | TITLE  SERVICE PROCESSOR |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

☐ Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____

☑ Other (specify): HAND DELIVERED AND LEFT WITH Sgt.
FindAnis of the Fort Lee Police Dept. Authorized
To Receive on Behalf Summon for Fort Lee P.D.

### STATEMENT OF SERVICE FEES

| TRAVEL $ 50.00 | SERVICES $ 150.00 | TOTAL $ 200.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing
information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   9-12-24
              Date

Giovanni Lawe
Signature of Server

424 16th St
Address of Server
Union City NJ 07087

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**MARK APPELGREN,**
*Plaintiff*

V.

**CITY OF FORT LEE, ET AL.,**
*Defendant*

**SUMMONS ON AMENDED COMPLAINT**

CASE NUMBER: **2:24–CV–08013–MCA–MAH**

TO: *(Name and address of Defendant):*

*FORT LEE NEW JERSEY POLICE DEPARTMENT*
*FORT LEE POLICE OFFICERS JOHN DOES 1-10*
*1327 16th St*
*FORT LEE NEW JERSEY 07024*

A lawsuit has been filed against you.

Unless otherwise prescribed by rule, within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached amended complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

*MARK Appelgren*
*3710 Columbia pike, Apt. 2*
*Arlington, VA 22204*

If you fail to respond, judgment by default will be entered against you for the relief demanded in the amended complaint. You also must file your answer or motion with the court.

**CLERK OF COURT** _____



ISSUED ON 2024–09–05 14:29:27, Clerk
USDC NJD

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me(1) | DATE | 9-12-24 |
|---|---|---|
| NAME OF SERVER (PRINT) Giovanni Lane | TITLE | Service Processor |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

☐ Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☑ Other (specify): HAND DELIVERED AND LEFT WITH Sgt.
FINDANIS of THE FORT LEE POLICE Dept. Authorized
To RECEIVE on BehalF Summon for Fort Lee P.D.
Fort Lee PD Officers John DOES 1-10

### STATEMENT OF SERVICE FEES

| TRAVEL $ 50.00 | SERVICES $ 150.00 | TOTAL $ 200.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   9-12-24
              Date

Giovanni Lane
Signature of Server

424 16th St
Address of Server
Union City NJ 07087

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**MARK APPELGREN,**
*Plaintiff*

V.

**SUMMONS ON AMENDED COMPLAINT**

**CITY OF FORT LEE, ET AL.,**
*Defendant*

CASE NUMBER: **2:24–CV–08013–MCA–MAH**

TO: *(Name and address of Defendant):*

*City of Fort Lee New Jersey*
*Fort Lee Borough Hall*
*309 Main St*
*Fort Lee NJ 07024*

A lawsuit has been filed against you.

Unless otherwise prescribed by rule, within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached amended complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

*Mark Appelgren*
*3710 Columbia pike, Apt. 2*
*Arlington, VA 22204*

If you fail to respond, judgment by default will be entered against you for the relief demanded in the amended complaint. You also must file your answer or motion with the court.

**CLERK OF COURT** _____



**ISSUED ON 2024–09–05 14:29:27, Clerk**
**USDC NJD**

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me(1) | DATE  9/12/24 |
| NAME OF SERVER *(PRINT)*  GIOVANNI KANE | TITLE  SERVICE PROCESSOR |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

☐ Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

X Other (specify) :  HAND DELIVERED AND LEFT WITH
NADINE (LNU) MUNICIPAL CLERK AUTHORIZED TO
RECEIVE SERVICE FOR CITY OF FORT LEE.
309 MAIN ST FORT LEE NJ 07024

## STATEMENT OF SERVICE FEES

| TRAVEL  $50.00 | SERVICES  $150.00 | TOTAL  $1200 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  9/12/24
_____
Date

_____
*Signature of Server*

424 16th ST
_____
*Address of Server*
Union City NJ 07087

August 27, 2024

<table>
<tr><td>

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY MARTIN LUTHER KING
BUILDING AND U.S. COURTHOUSE


**Mark Appelgren, Pro Se**
3718 Columbia Pike, Apt. 2
Arlington, VA 22204
           Complainant/Plaintiff

v.

**City of Fort Lee, New Jersey**
Fort Lee Borough Hall
309 Main St.
Fort Lee, New Jersey 07024

and

**Fort Lee Police Department, New Jersey,**
1327 16th St.
Fort Lee, New Jersey, 07024

and

**Fort Lee Police Department, New Jersey,**
**Fort Lee Officers JOHN DOES 1-10,**
1327 16th St.
Fort Lee, New Jersey 07024
           Defendants

</td><td>

)
)
)
)
)
)
)
)
)
)
)   Case No.: *24 - CV - 8013*
)
)
)
)
)
)
)
)
)
)   Date Formal Filed:    08/27/2024
)
)
)
)
)
)
)
)
)
)
)
)

</td></tr>
</table>

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS FOURTH AMENDMENT (42 U.S.C. § 1983),
GROSS NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BREACH OF
CONTRACT, BREACH OF DUTY OF CARE, FAILURE TO TRAIN AND SUPERVISE, BREACH OF
TRUST, VIOLATIONS UNDER N.J.S.A. 10:6-1 ET SEQ. (CIVIL RIGHTS ACT), NEW JERSEY
CONSTITUTION ARTICLE I, PARAGRAPH 7 (PROTECTION AGAINST UNREASONABLE
SEARCHES AND SEIZURES), AND N.J.S.A. 59:1-1 ET SEQ. (PUBLIC ENTITY LIABILITY), AND
14TH AMENDMENT DUE PROCESS VIOLATIONS

FIRST AMENDED COMPLAINT

I. INTRODUCTION

1.   REMOVED "s" FROM "vs."
2.   Violation ADDED: BREACH OF CONTRACT, ....PROCESS VIOLATIONS

1.      This is a civil rights action seeking damages against the Fort Lee Police Department under 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights under the United States Constitution, specifically the Fourth and Fourteenth Amendments. This case seeks redress for the Violation of Civil Rights (42 U.S.C. § 1983), Failure to Train and Supervise (42 U.S.C. § 1983), Intentional Infliction of Emotional Distress, Gross Negligence, Breach of Trust, Breach of Duty, Breach of Duty of Care, Violations under N.J.S.A. 10:6-1 et seq. (Civil Rights Act), New Jersey Constitution Article I, Paragraph 7 (Protection Against Unreasonable Searches and Seizures), and N.J.S.A. 59:1-1 et seq. (Public Entity Liability), and 14th Amendment Due Process Violations by the City of Fort Lee, the Fort Lee Police Department, and certain Fort Lee Police Officers JOHN DOES 1-10 (collectively "Defendants").

## II. JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1331, as it involves a federal question regarding the deprivation of Plaintiff's rights under the U.S. Constitution, specifically the Fourth and Fourteenth Amendments. Additionally, the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in this district.

## III. PARTIES

4.      Plaintiff, Mark Appelgren, is an individual residing at 3718 Columbia Pike, Apt. 2, Arlington, VA 22204.

5.      Defendant, City of Fort Lee, NJ, is a municipal entity located at 309 Main St., Fort Lee, NJ 07024.

6.      Defendant, Fort Lee Police Department, is a municipal police department located in Fort Lee, New Jersey.

7.      Defendants, Fort Lee Police Officers JOHN DOES (1-10), names unknown at this time, are individuals employed by the Fort Lee Police Department and were acting under the color of state law at times relevant to this complaint.

---

3.   Paragraph 1, AMENDED.

## IV. FACTUAL BACKGROUND

8.      On or about September 20, 2023, Plaintiff was staying at Skyview Motel located in Fort Lee, New Jersey.

9.      On that date, officers from the Fort Lee Police Department entered Plaintiff's hotel room without authorization, permission, a search warrant, or exigent circumstances.

10.     Plaintiff, aware of the officers' presence, voluntarily opened the door and identified himself clearly to the officers.

11.     Despite Plaintiff's cooperation and affirmation of his well-being, the officers proceeded to enter Plaintiff's hotel room without a warrant, consent, or any exigent circumstances justifying their entry.

12.     Inside the hotel room, the officers engaged in an extended discussion with Plaintiff, questioning his safety and mental state despite clear indications from Plaintiff that he was not in distress and posed no threat to himself or others.

13.     Throughout the encounter, Plaintiff repeatedly requested that the officers leave his hotel room, but the officers refused to comply, prolonging their presence against Plaintiff's wishes.

14.     The unwarranted intrusion and prolonged presence of the officers caused Plaintiff significant emotional distress, anxiety, and humiliation.

15.     The officers' entry into Plaintiff's room was unreasonable and violated Plaintiff's Fourth Amendment rights, which protect against unreasonable searches and seizures.

16.     The actions of the officers also violated Plaintiff's Fourteenth Amendment rights, including the right to due process and protection against arbitrary and unreasonable actions by the state.

## V. CLAIMS FOR RELIEF

---

4.   Paragraph 16, ADDED

Count I: Violation of Civil Rights (42 U.S.C. § 1983)

     17.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

     18.     Defendants, acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States.

     19.     Defendants' actions and inactions constitute a violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

Count II: Failure to Train and Supervise (42 U.S.C. § 1983)

     20.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

     21.     The City of Fort Lee and the Fort Lee Police Department failed to properly train and supervise their officers regarding the handling of wellness checks and the Fourth and Fourteenth Amendment rights regarding search and seizure.

     22.     This failure to train and supervise amounts to deliberate indifference to the rights of the Plaintiff.

     23.     As a direct result of this failure, Plaintiff suffered harm and was denied equal protection under the law.

Count III: Gross Negligence

     24.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

     25.     Defendants owed a duty of care to Plaintiff to properly adhere to the Fourth and Fourteenth Amendments to the United States Constitution.

26.     As a direct and proximate result of Defendants' gross negligence, Plaintiff has suffered and continues to suffer emotional distress, anxiety, and fear for personal safety.

Count IV: Breach of Duty

27.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

28.     Defendants owed Plaintiff a duty to act with reasonable care in the performance of their duties, including respecting Plaintiff's Fourth and Fourteenth Amendment rights and ensuring proper conduct during wellness checks.

29.     Defendants breached this duty by unlawfully entering Plaintiff's hotel room without a warrant, consent, or exigent circumstances, and by failing to leave when requested.

30.     As a result of this breach of duty, Plaintiff suffered significant emotional distress, anxiety, and humiliation.

Count V: Breach of Trust

31.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32.     Defendants, as law enforcement officers, held a position of public trust and were entrusted with the duty to uphold the law and protect the rights of individuals.

33.     Defendants breached this trust by unlawfully entering Plaintiff's hotel room without a warrant, consent, or exigent circumstances, and by failing to respect Plaintiff's rights.

Count VI: Violation of New Jersey Civil Rights Act (N.J.S.A. 10:6-1 et seq.)

---

5.   Under CLAIMS FOR RELIEF, ADDED Count IV: Breach of Duty.
6.   Paragraphs 27-30, ADDED.
7.   Under CLAIMS FOR RELIEF, Breach of Trust
8.   Paragraphs 31 – 33, ADDED.
9.   Under CLAIMS FOR RELIEF, ADDED Count VI: Violation of New Jersey Civil Rights Act (N.J.S.A. 10:6-1 et seq.)

34.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

35.    Defendants' actions violated Plaintiff's rights under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq., which provides that every person shall have the right to be free from unreasonable searches and seizures, and to be free from any action that deprives such person of their civil rights.

36.    Defendants' actions were contrary to the protections afforded under the New Jersey Civil Rights Act and caused significant harm to Plaintiff.

Count VII: Violation of New Jersey Constitution, Article I, Paragraph 7

37.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

38.    Defendants' actions constituted a violation of Article I, Paragraph 7 of the New Jersey Constitution, which guarantees the right of individuals to be free from unreasonable searches and seizures.

39.    Defendants' unlawful entry into Plaintiff's hotel room without a warrant, consent, or exigent circumstances violated this constitutional provision.

Count VIII: Violation of New Jersey Tort Claims Act (N.J.S.A. 59:1-1 et seq.)

40.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

41.    Defendants' conduct also violated the New Jersey Tort Claims Act (N.J.S.A. 59:1-1 et seq.), which provides that a public entity is liable for its negligence if it causes harm in the performance of a public duty.

42.    Defendants' actions in unlawfully entering Plaintiff's hotel room and their failure to act on Plaintiff's complaint constitute negligence under the Act, causing Plaintiff harm.

---

10.    Paragraphs 34-36, ADDED.
11.    Under CLAIMS FOR RELIEF, ADDED Count VII: Violation of New Jersey Constitution, Article I, Paragraph 7
12.    Paragraphs 37 – 39, ADDED.
13.    Under CLAIMS FOR RELIEF, ADDED Count VIII: Violation of New Jersey Tort Claims Act (N.J.S.A. 59:1-1 et seq.)
14.    Paragraphs 40 – 42, ADDED.

Count IX: Intentional Infliction of Emotional Distress

43.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

44.     Defendants' actions were intentional, reckless, and outrageous.

45.     Defendants' conduct caused Plaintiff severe emotional distress, anxiety, and humiliation.

Count X: Violation of 14th Amendment Due Process

46.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47.     Defendants' actions constituted a violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, which guarantees due process of law.

48.     Defendants' unlawful entry into Plaintiff's hotel room, their failure to adhere to proper procedures, and the resulting emotional distress and humiliation denied Plaintiff his right to due process.

VI. DAMAGES

49.     Plaintiff incorporates by reference all the allegations contained in the preceding paragraphs.

50.     Plaintiff relives the incident repeatedly, experiencing ongoing emotional distress and trauma.

51.     Plaintiff has incurred medical expenses for psychological treatment and counseling to address the trauma caused by the Fort Lee Police Department and its officers

---

15.   Under CLAIMS FOR RELIEF, MOVED Count IX: Intentional Infliction of Emotional Distress.
16.   Paragraphs 43 – 45, MOVED from Paragraphs 27 – 29.
17.   Under CLAIMS FOR RELIEF, ADDED Count X: Violation of 14th Amendment Due Process.
18.   Paragraphs 46 – 48, ADDED.
19.   Paragraphs 49 – 51, RENUMBERED 3

52.     Plaintiff seeks compensatory damages for pain and suffering, emotional distress, medical expenses, and other related costs in an amount to be determined at trial.

53.     Plaintiff is entitled to damages as a result of Defendants' violations, including but not limited to:

a. Compensatory Damages: Emotional distress, Mental anguish, Loss of enjoyment of life, Therapy and counseling costs, and Medical expenses.

b. Punitive damages in the amount sufficient to punish Defendants and deter similar conduct in the future.

c. Medical expenses incurred due to health complications.

d. Emotional distress and mental anguish.

e. Prejudgment and postjudgment interest as permitted by law.

f. Attorneys' fees and costs associated with this action.

g. Any other relief that this Court deems just and proper.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, awarding Plaintiff:

A. Enter judgment in favor of Plaintiff and against Defendants on all claims;

B. Award Plaintiff compensatory damages in an amount to be determined at trial for medical expenses, pain and suffering, and emotional distress;

C. For prejudgment and post judgment interest as permitted by law;

D. Award Plaintiff punitive damages in an amount to be determined at trial;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to applicable law;

F. Grant such other and further relief as the Court deems just and proper.

G. Award Plaintiff legal fees and court costs pursuant to 42 U.S.C. § 1988;

H. Award Plaintiff damages for reputational harm and any incidental and consequential damages;

I. Grant such other and further relief as the Court deems just and proper.

---

20.  Paragraphs 52 -53, RENUMBERED From Paragraphs 33 – 34.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: August 27, 2024

Respectfully submitted,

/s/ Mark Appelgren

Mark Appelgren, Pro Se

3718 Columbia Pike, Apt. 2

Arlington, VA 22204

Phone: 201-232-1441

Email: Mark.Appelgren0701@yahoo.com

## VERIFICATION

I, Mark Appelgren, verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 27, 2024

Mark Appelgren

Plaintiff, Pro Se