# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARK APPELGREN, Pro Se** | No. 2:24 – CV – 08013 – MCA – MAH |
| **Plaintiff,** | |
| v. | **CIVIL ACTION** |
| **CITY OF FORT LEE et al.,** | |
| **Defendants.** | **DATED: December 1, 2024** |

---

## BRIEF IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [ECF No. 18]

---

Respectfully Submitted,

Mark Appelgren, Pro Se

3718 Columbia Pike, Apt. 2

Arlington, VA 22204

Phone: 201-232-1441

Email: Mark.Appelgren0701@yahoo.com

RECEIVED

DEC 11 2024

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................ii

PRELIMINARY STATEMENT.............................................................1

INTRODUCTION........................................................................2

STATEMENT OF FACTS AND PROCEDURAL HISTORY.......................................4

LEGAL STANDARD......................................................................6

ARGUMENT

    POINT I: Defendants' Justifications for Entry and Detention

        A. Lack of Exigent Circumstances or Justification for Entry...................9

        B. Plaintiff's Consent and Expectation of Privacy..........................10

    POINT II: Plaintiff's Fourth Amendment Claim

        A. Fourth Amendment Violations Based on Unreasonable Search and Seizure..........11

        B. Rebuttal of Defendants' Claim of Objective Reasonableness............................12

    POINT III: Claims Under New Jersey Constitution and NJCRA

        A. Non-Redundancy of State Constitutional Claims.........................12

        B. Plaintiff's NJCRA Claims Stand Independently............................13

    POINT IV: Failure to Train and Supervise (42 U.S.C. § 1983 Claim)

        A. Deficiencies in Training and Supervision Policies.......................14

        B. Deliberate Indifference through Pattern of Inadequate Supervision...................15

    POINT V: Fourteenth Amendment Claim and Explicit Textual Source Doctrine

        A. Right to Due Process in Plaintiff's Interaction with Law Enforcement..............16

        B. Applicability of Due Process Claims Under New Jersey Law.........................17

    POINT VI: Argument Against Dismissal for Failure to State a Claim (Rule 12(b)(6))

        A. Plausibility Standard Under Twombly and Iqbal........................18

        B. Sufficient Allegations in Pro Se Filing..................................19

REQUEST FOR LEAVE TO AMEND.......................................................19

CONCLUSION..........................................................................20

## TABLE OF AUTHORITIES

**Cases**

*Payton v. New York*, 445 U.S. 573 (1980) .................................................1, 2, 3, 11, 18

*Stoner v. California*, 376 U.S. 483 (1964) ............................................................4, 9

*Brigham City v. Stuart*, 547 U.S. 398 (2006) ........................................................4, 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................2, 6, 18, 19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...........................................................2, 6, 18, 19

*Haines v. Kerner*, 404 U.S. 519 (1972) .............................................................2, 7, 19

*Minnesota v. Olson*, 495 U.S. 91 (1990) ...................................................................5

*Foman v. Davis*, 371 U.S. 178 (1962) ......................................................6, 8, 18, 20

*Graham v. Connor*, 490 U.S. 386 (1989) ...............................................................12

*Florida v. Jardines*, 569 U.S. 1 (2013) ................................................................11

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998) ..................................................16

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ........................................................8, 19

*Board of County Comm'rs v. Brown*, 520 U.S. 397 (1997) ...........................................15

*City of Canton v. Harris*, 489 U.S. 378 (1989) ........................................................14

*State v. Alston*, 88 N.J. 211, 228 (1981) ...............................................................17

*State v. Novembrino*, 105 N.J. 95, 157 (1987) .........................................................13

*Tumpson v. Farina*, 218 N.J. 450, 474 (2014) .........................................................13

**Statutes**

New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1 et seq. ...............................1, 13, 17

## PRELIMINARY STATEMENT

Plaintiff respectfully submits this brief in opposition to Defendants' Motion to Dismiss the First Amended Complaint. Defendants' actions in this case represent a clear violation of Plaintiff's Fourth and Fourteenth Amendment rights, as well as protections afforded under New Jersey state law. Despite Defendants' attempt to justify their warrantless entry into Plaintiff's hotel room based on welfare check protocols, the facts show that this entry was conducted without a warrant, consent, or legally recognized exigent circumstances.

The Supreme Court has long held that the Fourth Amendment's protections against unreasonable searches and seizures extend to all forms of dwellings, including hotel rooms. In *Payton v. New York*, 445 U.S. 573 (1980), the Court underscored that law enforcement officials may not intrude upon an individual's residence without a warrant, except in extraordinary circumstances. In this case, Plaintiff had a reasonable expectation of privacy in his hotel room, a temporary residence that holds the same protections as a home. By forcibly entering Plaintiff's private space without his consent or any indication of an immediate threat, Defendants violated Plaintiff's constitutional rights.

Furthermore, Plaintiff's claims under the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1 et seq., provide additional grounds for relief in cases of unlawful searches and seizures. As the sole occupant of the hotel room, Plaintiff retained the right to deny entry, and Defendants' entry was unauthorized, intrusive, and in violation of established state and federal privacy protections. This disregard for Plaintiff's rights reflects broader systemic deficiencies in training and supervision within the Fort Lee Police Department, establishing a basis for Plaintiff's claim under 42 U.S.C. § 1983. Such a failure to properly train officers on constitutional limitations is indicative of deliberate indifference to citizens' rights.

Defendants' motion attempts to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), alleging a failure to state a claim. However, the complaint meets the threshold required to proceed beyond the pleading stage, as established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). These cases affirm that a complaint need only present a plausible claim for relief, and Plaintiff's pro se filing should be afforded liberal interpretation, per *Haines v. Kerner*, 404 U.S. 519 (1972).

If the Court finds any aspect of the complaint insufficient, Plaintiff respectfully requests leave to amend the complaint under Rule 15(a) to cure any deficiencies. Plaintiff's claims have substantial merit, and it is only through discovery and further factual development that the full scope of Defendants' actions can be assessed. Therefore, Defendants' motion to dismiss should be denied in its entirety.

## INTRODUCTION

This case arises from a clear violation of Plaintiff's constitutional rights, which were disregarded when Defendants, acting under the guise of a welfare check, unlawfully entered Plaintiff's hotel room without a warrant, consent, or any legally recognized exigency. Plaintiff, the sole occupant and lawful resident of the hotel room, had a reasonable expectation of privacy in this temporary dwelling, which is entitled to the same Fourth Amendment protections as a private home. Defendants' entry into Plaintiff's room, conducted without any invitation or evidence of immediate threat, stands in direct opposition to the protections afforded by the Fourth and Fourteenth Amendments of the United States Constitution and New Jersey state law.

Defendants' motion to dismiss fails to acknowledge the longstanding legal principle that the Fourth Amendment prohibits warrantless entries into private spaces absent extraordinary circumstances or consent. Case law, including *Payton v. New York*, 445 U.S. 573 (1980), confirms that all residences, whether permanent or temporary, are shielded from unauthorized government intrusion. Defendants' claim that their actions were justified under the "emergency aid doctrine" or welfare check protocol lacks merit, as the facts presented show no reasonable basis for a belief in imminent harm. Plaintiff opened the door, identified himself, and made clear that no assistance was needed. Nevertheless, Defendants proceeded to enter, disregarding Plaintiff's right to privacy and autonomy within his living space.

Plaintiff brings this action not only to seek redress for the personal violation he experienced but also to challenge a broader pattern of inadequate training and supervision within the Fort Lee Police Department. Defendants' actions reflect a failure to adhere to constitutional standards, suggesting a systemic lack of guidance and oversight in protecting individuals' privacy rights. This complaint seeks both accountability and an opportunity for discovery to fully explore the extent of these constitutional and procedural breaches.

As a pro se litigant, Plaintiff has presented his claims in good faith and within the standards established by federal law, which mandate a liberal construction of pro se pleadings. The Court is urged to deny Defendants' motion to dismiss, allowing Plaintiff's claims to proceed to discovery and enabling a thorough investigation of the full factual context surrounding this incident.

Understood, and thank you for reiterating the importance of a comprehensive and fully supported response. I will expand and strengthen this section with additional case law references and detailed language to ensure it fully aligns with your expectations.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

**Summary of Key Events and Allegations**

On September 20, 2023, Plaintiff, a former special agent with professional experience conducting wellness checks, was staying at Skyview Motel located at 1560 Bergen Blvd. Fort Lee NJ 07024, where he held a reservation in his name and occupied the room as the sole lawful resident. Plaintiff's hotel room was, in effect, his temporary residence, and thus entitled to Fourth Amendment protections as established in *Stoner v. California,* 376 U.S. 483 (1964), where the Supreme Court affirmed that a hotel room is protected from unreasonable searches and seizures under the Fourth Amendment. Plaintiff, therefore, had a reasonable expectation of privacy within his hotel room.

In response to a welfare check request made by a third party, officers from the Fort Lee Police Department arrived at Plaintiff's hotel room. Upon knocking, Plaintiff opened the door, promptly identified himself, and assured the officers that he was coherent, unharmed, and in control of the situation. There were no indications of an emergency or exigent circumstances, such as unconsciousness, visible harm, or evidence of drug use, that might have justified further intrusion under the "emergency aid doctrine," as outlined in *Brigham City v. Stuart,* 547 U.S. 398 (2006). In that case, the Court allowed entry only where there was an objectively reasonable basis to believe someone within the residence was in need of immediate aid—criteria that were not met here.

4

Despite Plaintiff's visible well-being and repeated assurances that he did not require assistance, the officers entered Plaintiff's hotel room without his consent, a warrant, or any lawful basis for doing so. Plaintiff repeatedly requested that the officers leave, but they extended their presence within his private space, conducting an unjustified search and seizure. The officers' failure to depart upon confirming Plaintiff's safety disregarded his autonomy and privacy rights, constituting an overreach and clear violation of Fourth Amendment protections against unreasonable searches and seizures, as underscored in *Minnesota v. Olson*, 495 U.S. 91 (1990).

Plaintiff's contention is straightforward: the officers' conduct exceeded their lawful authority and contravened established Fourth Amendment principles that protect individuals from warrantless entry and search in private dwellings without valid consent or exigent circumstances. The officers' actions disregarded Plaintiff's explicit requests for them to leave and exploited the welfare check call to justify an unauthorized intrusion, actions prohibited by precedent and the plain text of the Fourth Amendment.

**Procedural Background**

Plaintiff filed this action pro se, asserting violations of his Fourth and Fourteenth Amendment rights and protections under the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1 et seq. Plaintiff's claims are based on the Defendants' unauthorized entry into his hotel room, which deprived him of his reasonable expectation of privacy and subjected him to unlawful search and seizure. Further, Plaintiff argues that the Fort Lee Police Department's conduct reflects a pattern of inadequate training and supervision, justifying claims under 42 U.S.C. § 1983.

In response, Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's claims are insufficiently pled and lack legal merit. Defendants argue that their actions were justified under the "emergency aid doctrine," positing that the welfare check qualified as an exigent circumstance allowing entry. However, Plaintiff contests this characterization, emphasizing that the doctrine applies only when there is an objectively reasonable belief in imminent harm, which was not present. The officers confirmed Plaintiff's safety from their vantage point at the door and thus had no basis to enter. The facts demonstrate that Defendants' conduct was unwarranted and exceeded their authority, thereby violating Plaintiff's Fourth Amendment rights.

Plaintiff's complaint meets the pleading requirements outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which state that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Given that the complaint alleges Defendants' actions were conducted without a valid warrant, consent, or emergency, Plaintiff respectfully submits that he has stated claims warranting further factual development. Should the Court find any deficiency, Plaintiff requests leave to amend under Rule 15(a) to correct any issues, in keeping with the spirit of *Foman v. Davis*, 371 U.S. 178 (1962), which encourages permitting amendments when justice so requires.

In light of the facts and the substantial legal precedents that protect privacy in private dwellings, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss, allowing this case to proceed to discovery and a fuller examination of Defendants' actions.

## LEGAL STANDARD

### Standard of Review for a Motion to Dismiss under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is intended to test the legal sufficiency of the complaint rather than resolve disputed facts or consider the merits of the case. To survive a Rule 12(b)(6) motion, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard, which requires "more than a sheer possibility that a defendant has acted unlawfully," was further clarified in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which emphasized that courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.

In *Twombly*, the Supreme Court established that a complaint does not need to include detailed factual allegations but must provide "more than labels and conclusions" and a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. A complaint meets this threshold if the factual allegations presented, accepted as true, are sufficient to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Courts must assess whether, taking all allegations as true, the claim is plausible rather than speculative.

**Liberal Construction of Pro Se Pleadings**

When reviewing a pro se complaint, courts are obligated to apply a more lenient standard of review, construing the complaint liberally and affording it the benefit of the doubt. The Supreme Court held in *Haines v. Kerner*, 404 U.S. 519, 520 (1972), that pro se pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." This principle has been consistently applied by the courts, recognizing that pro se litigants may lack the legal training and precision expected of practicing attorneys. As such, the Court should interpret Plaintiff's allegations liberally to determine if they state a viable claim for relief.

In this context, the courts should be particularly cautious in dismissing a pro se complaint at the pleading stage, as established in *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Third Circuit has reiterated that "pro se litigants are afforded greater leeway where they have not followed the technical rules of pleading," and should only dismiss a pro se complaint where it is beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004).

**Application of Rule 12(b)(6) Standard in Fourth Amendment Claims**

Fourth Amendment claims challenging the constitutionality of a search or seizure, as asserted in this case, inherently require careful factual consideration. The standard set forth in *Twombly* and *Iqbal* allows Fourth Amendment claims to proceed when plaintiffs have plausibly alleged that a search was conducted without a warrant, consent, or exigent circumstances. The courts have consistently acknowledged the high level of privacy expected within a person's residence, as articulated in *Payton v. New York*, 445 U.S. 573 (1980), where the Supreme Court reaffirmed that "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed."

Under this standard, when evaluating a motion to dismiss a Fourth Amendment claim, courts must accept the plaintiff's account of the intrusion and determine if it plausibly states a violation. If, as here, the complaint alleges that officers entered a private residence without a warrant, consent, or valid emergency, the Fourth Amendment claim has been plausibly stated, and dismissal is inappropriate at the pleading stage.

**The Court's Discretion to Grant Leave to Amend under Rule 15(a)**

Federal Rule of Civil Procedure 15(a) provides that courts "should freely give leave [to amend] when justice so requires." The Supreme Court, in *Foman v. Davis*, 371 U.S. 178, 182

(1962), emphasized that absent evidence of undue delay, bad faith, or prejudice, courts should allow plaintiffs the opportunity to amend their pleadings. As Plaintiff's opposition demonstrates, he has set forth plausible claims that may warrant discovery to fully develop. Should the Court find any aspect of Plaintiff's claims deficient, Plaintiff respectfully requests leave to amend under Rule 15(a) to ensure that all viable claims are adequately presented and to allow for justice to be served.

### POINT I: Defendants' Justifications for Entry and Detention

## A. Lack of Exigent Circumstances or Justification for Entry

The Fourth Amendment unequivocally protects individuals from unreasonable searches and seizures, including in temporary dwellings such as hotel rooms. This principle was established by the Supreme Court in *Stoner v. California*, 376 U.S. 483 (1964), which held that a hotel room is entitled to the same Fourth Amendment protections as a permanent residence. Defendants argue that their warrantless entry was justified under the "emergency aid doctrine." However, this doctrine applies only when officers have an objectively reasonable basis to believe that immediate assistance is required to prevent imminent harm. In *Brigham City v. Stuart*, 547 U.S. 398 (2006), the Court made clear that this doctrine is narrow in scope, only allowing entry where there is an objectively reasonable belief that someone within the premises is in immediate danger.

In this case, Plaintiff, a former special agent with extensive federal law enforcement experience, answered the door, identified himself, and confirmed his safety to the officers. There was no indication of unconsciousness, visible harm, drug use, or any other emergency that might have justified intrusion. The officers were able to verify from their position outside the room that Plaintiff was coherent, in control, and posed no risk. Despite this, they proceeded to enter,

violating the reasonable expectation of privacy Plaintiff held as the primary occupant of his hotel room. Defendants' reliance on the emergency aid doctrine is misplaced, as the factual context does not support a finding of exigent circumstances.

Plaintiff respectfully asks the Court for its guidance should it find any aspect of the complaint insufficient in this regard, and Plaintiff is prepared to amend the complaint to provide further factual detail if necessary. However, given that Plaintiff has plausibly alleged an unauthorized and unjustified entry, this claim should proceed.

## B. Plaintiff's Consent and Expectation of Privacy

Plaintiff's repeated requests for Defendants to leave his hotel room underscore the lack of any valid consent for their entry. Under *Georgia v. Randolph*, 547 U.S. 103 (2006), law enforcement officers are required to respect a resident's explicit refusal of entry, absent a warrant or exigent circumstances. Plaintiff's refusal clearly communicated his intention to deny entry, reinforcing his Fourth Amendment right to privacy. The officers disregarded this refusal, conducting a warrantless entry in direct opposition to constitutional standards.

Moreover, Plaintiff's background as a former special agent provides him with a deep understanding of constitutional protections, including the right to privacy in one's dwelling. As an experienced federal law enforcement official with a career spanning 18 years, Plaintiff is well-versed in the lawful boundaries of police conduct and Fourth Amendment protections. This knowledge further reinforces the plausibility of Plaintiff's allegations and demonstrates that he was fully aware of his right to deny entry to the officers.

Plaintiff disputes Defendants' claims that his refusal was in any way ambiguous or insufficient to protect his privacy rights. Defendants' decision to extend their presence despite

Plaintiff's repeated requests for them to leave shows a disregard for his autonomy and his legally protected right to privacy.

**POINT II: Plaintiff's Fourth Amendment Claim**

**A. Fourth Amendment Violations Based on Unreasonable Search and Seizure**

The Fourth Amendment safeguards citizens from unreasonable searches and seizures, particularly within their private residences, a protection that also extends to temporary dwellings like hotel rooms. In *Payton v. New York*, 445 U.S. 573 (1980), the Supreme Court emphasized that "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." The Court has maintained that entry into a private dwelling without a warrant, consent, or exigent circumstances is presumptively unconstitutional. This principle applies directly to Plaintiff's situation, where Defendants entered his hotel room without any of these justifications.

Defendants' entry into Plaintiff's hotel room, a legally recognized private space, constituted an unreasonable search under the Fourth Amendment. Plaintiff, who has a professional background in federal law enforcement, is well aware of the legal boundaries governing searches and seizures. Plaintiff's awareness of his rights only strengthens his assertion that Defendants' warrantless entry was unlawful.

The mere existence of a welfare check does not bypass Fourth Amendment protections. *Florida v. Jardines*, 569 U.S. 1 (2013), held that absent specific exigent circumstances, entry into a person's dwelling is unconstitutional without consent. Here, Plaintiff was coherent, identified himself, and requested Defendants leave, yet they disregarded his refusal and extended their presence unnecessarily, transforming a welfare check into an unreasonable and unconstitutional

intrusion. The facts make clear that this entry exceeded permissible bounds and infringed upon Plaintiff's Fourth Amendment rights.

Should the Court find any insufficiency in the complaint as to this Fourth Amendment claim, Plaintiff requests guidance and leave to amend to provide additional details as needed.

## B. Rebuttal of Defendants' Claim of Objective Reasonableness

Defendants contend that their actions were justified under an "objective reasonableness" standard, implying that their entry was warranted based on a perceived risk to Plaintiff's well-being. However, the Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989), outlined that reasonableness must be assessed based on the information available to the officers at the time of the incident, not assumptions or subjective beliefs. Here, the facts do not support Defendants' claim to objective reasonableness: Plaintiff's calm demeanor and ability to identify himself negated any reasonable belief of harm.

Given Plaintiff's coherent and responsive interaction, any continued intrusion by Defendants became unreasonable and unwarranted. Plaintiff's express request for them to leave is central to his assertion that Defendants' extended presence violated his Fourth Amendment rights.

In the event the Court seeks further clarification on these points, Plaintiff respectfully requests the opportunity to amend his complaint.

## POINT III: Claims Under New Jersey Constitution and NJCRA

## A. Non-Redundancy of State Constitutional Claims

Plaintiff's claims under the New Jersey Constitution and the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1 et seq., are distinct from the federal claims and should be treated as independently valid grounds for relief. While these claims relate to the same conduct challenged

under the Fourth Amendment, New Jersey courts have recognized that the state constitution can, in some instances, afford broader protections than the federal constitution. In *State v. Novembrino*, 105 N.J. 95, 157 (1987), the New Jersey Supreme Court emphasized that "the protections afforded to criminal defendants by our state constitution are not limited to the bare minimum of federal constitutional guarantees."

Plaintiff asserts that New Jersey's constitutional protections reinforce the right to privacy in temporary residences and provide a separate basis for relief. Given that Plaintiff's complaint raises issues concerning unlawful entry and privacy violations, his claims under the New Jersey Constitution must be evaluated independently of the Fourth Amendment claims, as they seek to address protections uniquely recognized within New Jersey's legal framework.

Should the Court find any ambiguity in these state law claims, Plaintiff requests the Court's guidance and respectfully seeks leave to amend the complaint to clarify the distinctions between his state and federal claims. However, given the broader protections afforded under New Jersey law, Plaintiff's claims under the New Jersey Constitution stand independently and should not be dismissed.

**B. Plaintiff's NJCRA Claims Stand Independently**

The New Jersey Civil Rights Act (NJCRA) was enacted to provide a state-level remedy for the deprivation of civil rights, mirroring many protections offered under federal law but operating within the framework of New Jersey's statutes and constitutional guarantees. In *Tumpson v. Farina*, 218 N.J. 450, 474 (2014), the New Jersey Supreme Court held that the NJCRA provides a means for individuals to seek redress for violations of civil rights under the

state constitution. This law was designed to protect citizens against governmental abuses that infringe upon the rights and freedoms explicitly recognized by New Jersey law.

Plaintiff's NJCRA claim is rooted in the deprivation of his privacy rights and unlawful entry into his temporary residence. The officers' warrantless and unauthorized entry into Plaintiff's hotel room constitutes a violation of the NJCRA, which prohibits such intrusions absent valid legal justification. The New Jersey Constitution and NJCRA offer distinct protections beyond those in the federal Constitution, especially concerning individual privacy rights. Defendants' failure to recognize and adhere to these protections renders their actions unlawful under state law.

Plaintiff respectfully requests that, if the Court identifies any area of the complaint that requires clarification or additional detail, he be granted leave to amend. The facts support a plausible claim for relief under both the New Jersey Constitution and the NJCRA, and Plaintiff's rights should be afforded full consideration under state law.

**POINT IV: Failure to Train and Supervise (42 U.S.C. § 1983 Claim)**

**A. Deficiencies in Training and Supervision Policies**

Under 42 U.S.C. § 1983, municipalities can be held liable for civil rights violations resulting from a failure to properly train and supervise employees when such failure reflects "deliberate indifference" to individuals' constitutional rights. In *City of Canton v. Harris*, 489 U.S. 378, 388 (1989), the Supreme Court held that liability arises where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights," that it demonstrates a municipality's deliberate indifference to these rights.

In this case, Plaintiff asserts that the Fort Lee Police Department's lack of adequate training on Fourth Amendment limitations led to the officers' warrantless entry into his hotel

room. The officers' disregard for Plaintiff's privacy rights and repeated requests to leave

demonstrate a fundamental misunderstanding or negligence regarding constitutional protections.

This failure in training is especially concerning given Plaintiff's demonstrated lack of consent

and his explicit requests for the officers to leave, which they ignored. Proper training in Fourth

Amendment law would have made clear that a warrantless entry, absent exigent circumstances,

is prohibited, particularly when the occupant is coherent, unharmed, and repeatedly asks the

officers to leave.

Plaintiff also contends that the lack of specific protocols regarding wellness checks and

individuals' right to privacy contributed to this unconstitutional intrusion. Effective training

programs for law enforcement should encompass protocols for welfare checks that respect

citizens' Fourth Amendment rights, ensuring officers do not assume unchecked authority to enter

private spaces without legal justification.\

**B. Deliberate Indifference through Pattern of Inadequate Supervision**

In addition to the deficiencies in training, Plaintiff alleges that the Fort Lee Police

Department's lack of adequate supervision allowed these rights violations to occur. The Supreme

Court has held that a pattern of inadequate supervision can establish municipal liability when it

demonstrates a tacit approval of unconstitutional practices. In *Board of County Comm'rs v.*

*Brown*, 520 U.S. 397, 407 (1997), the Court emphasized that liability can arise when a

municipality's failure to properly monitor its officers demonstrates deliberate indifference to

individuals' rights.

The actions of the Fort Lee Police Department in this case reflect a disregard for the

necessity of supervisory oversight. The officers involved extended their presence unlawfully,

failing to respect Plaintiff's repeated refusals for entry and disregarding clear constitutional

mandates regarding privacy. The lack of immediate corrective action in response to Plaintiff's refusal further underscores the systemic issues within the department's oversight and supervision practices. Plaintiff's claims align with *Brown* in that they suggest a pattern of conduct unchecked by sufficient oversight mechanisms, resulting in an environment where constitutional violations are likely to occur.

Given the pattern of inadequate supervision and training, Plaintiff has set forth a plausible § 1983 claim. If the Court finds any deficiencies in the complaint's articulation of these claims, Plaintiff respectfully requests guidance and leave to amend, ensuring all relevant facts are fully addressed to support the argument.

**POINT V: Fourteenth Amendment Claim and Explicit Textual Source Doctrine**

**A. Right to Due Process in Plaintiff's Interaction with Law Enforcement**

The Fourteenth Amendment's Due Process Clause protects individuals from arbitrary and abusive actions by government actors that infringe upon fundamental rights. This protection applies to law enforcement actions that disregard procedural fairness and constitutional rights. In *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998), the Supreme Court held that substantive due process is violated when government conduct is so egregious that it "shocks the conscience." Plaintiff's interaction with Defendants, specifically their disregard of his explicit refusals and unwarranted entry into his hotel room, constitutes a deprivation of his right to due process, as it disregarded his established privacy rights without just cause or procedural protections.

The officers' actions demonstrate a level of arbitrary authority, breaching Plaintiff's privacy in a setting where he held a reasonable expectation of security. Plaintiff's requests for

Defendants to leave were not only ignored but actively disregarded, an action that contravenes due process protections under both federal and New Jersey law. The officers' overreach in entering and extending their presence beyond any reasonable welfare check constitutes an abuse of discretion and an infringement on Plaintiff's due process rights under the Fourteenth Amendment.

If the Court finds any deficiencies in this articulation, Plaintiff respectfully requests the opportunity to amend his complaint to clarify any additional factual or legal grounds that may support his due process claims.

**B. Applicability of Due Process Claims Under New Jersey Law**

The New Jersey Constitution offers additional due process protections, particularly concerning individual privacy rights and the prevention of arbitrary governmental action. In *State v. Alston*, 88 N.J. 211, 228 (1981), the New Jersey Supreme Court underscored that New Jersey's due process guarantees may extend beyond federal protections, particularly in cases where individual privacy rights are at stake. Plaintiff's claims under the New Jersey Constitution are thus distinct and provide a separate basis for relief in this case.

Under the New Jersey Civil Rights Act (NJCRA), Plaintiff is entitled to pursue due process claims grounded in state law. The NJCRA was enacted to afford residents of New Jersey a state-level remedy for violations of civil rights, ensuring individuals are protected from excessive governmental intrusions. Given that Plaintiff's due process rights were infringed through Defendants' warrantless and unauthorized entry, he seeks relief under both federal and state due process standards.

Plaintiff's claims under New Jersey law stand independently from his federal claims and should be fully considered under New Jersey's heightened privacy protections. If the Court requires additional specificity, Plaintiff respectfully requests the opportunity to amend to ensure these protections are comprehensively addressed.

## POINT VI: Argument Against Dismissal for Failure to State a Claim (Rule 12(b)(6))

### A. Plausibility Standard Under Twombly and Iqbal

Under the Rule 12(b)(6) standard, a complaint must present sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that this standard does not demand "detailed factual allegations" but rather factual content that allows the court to reasonably infer that the defendant is liable. Plaintiff's complaint satisfies this standard by providing specific allegations regarding Defendants' actions, including their warrantless entry and disregard for Plaintiff's repeated refusal, which support a plausible Fourth Amendment violation.

Plaintiff's allegations are not speculative but rather grounded in specific factual assertions about Defendants' conduct, their failure to respect Plaintiff's request for privacy, and their unauthorized intrusion into his hotel room. Given Plaintiff's coherent response to the officers, their entry and extended presence was unreasonable and violated his right to privacy, creating a plausible basis for relief under the Fourth and Fourteenth Amendments, as well as New Jersey state law.

If the Court finds any element of Plaintiff's claims unclear, Plaintiff respectfully requests the opportunity to amend the complaint under Rule 15(a). The Supreme Court, in *Foman v. Davis*, 371 U.S. 178, 182 (1962), emphasized the liberality of allowing amendments when justice

requires it. Plaintiff seeks leave to amend if needed, ensuring that all facts are clearly presented to substantiate his claims.

## B. Sufficient Allegations in Pro Se Filing

As a pro se litigant, Plaintiff's complaint is entitled to a more lenient standard. In *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Supreme Court held that pro se pleadings are to be "held to less stringent standards than formal pleadings drafted by lawyers." This principle, applied consistently by the courts, supports a liberal interpretation of Plaintiff's claims, acknowledging his potential lack of legal formalities while recognizing the factual merit presented.

Courts are especially cautious when dismissing pro se complaints under Rule 12(b)(6), as seen in *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's complaint includes sufficient factual matter to support each claim, particularly regarding Defendants' entry without consent or exigent circumstances. The facts, when taken as true, meet the plausibility standard and warrant a full consideration of Plaintiff's claims rather than dismissal at this stage.

If any clarification is necessary, Plaintiff again respectfully requests the opportunity to amend the complaint to ensure all elements are sufficiently presented. Given the well-pleaded allegations of Fourth Amendment violations, deliberate indifference, and due process claims, Plaintiff's case meets the standard for plausibility, and the motion to dismiss should be denied to allow these claims to proceed to discovery.

## REQUEST FOR LEAVE TO AMEND

Plaintiff respectfully requests that, if the Court finds any aspect of the First Amended Complaint deficient, Plaintiff be granted leave to amend under Federal Rule of Civil Procedure 15(a). Rule 15(a) directs that leave to amend should be "freely given when justice so requires."

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court emphasized that amendments should be permitted absent undue delay, bad faith, or prejudice to the opposing party. As a pro se litigant, Plaintiff seeks the opportunity to address any identified deficiencies, ensuring all claims are fully articulated and supported. This additional opportunity to amend serves the interests of justice and ensures that no valid claim is precluded at this preliminary stage.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety. Plaintiff has presented well-pleaded allegations that establish violations of his Fourth and Fourteenth Amendment rights, as well as claims under New Jersey state law, sufficient to withstand dismissal under Rule 12(b)(6). The complaint satisfies the standards set forth in *Twombly* and *Iqbal*, presenting factual content that allows for a reasonable inference of Defendants' liability.

In the event the Court finds any part of Plaintiff's claims insufficiently detailed, Plaintiff requests the opportunity to amend under Rule 15(a), in line with the principles of justice and fairness. Plaintiff also respectfully requests that this case proceed to discovery, which will enable a thorough examination of the facts and evidence surrounding Defendants' actions and their impact on Plaintiff's constitutional rights.

Accordingly, Plaintiff prays that the Court deny Defendants' motion and allow this case to move forward. And any other appropriate actions, the courts deem necessary and just.

DATED: December 1, 2024

Respectfully submitted,

/s/ Mark Appelgren

Mark Appelgren, Pro Se

3718 Columbia Pike, Apt. 2

Arlington, VA 22204

Phone: 201-232-1441

Email: